**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **GREGORIK COLLINGTON** | * |
| **3305 28TH Parkway** | * |

**GREGORIK COLLINGTON**                              *
**3305 28**$^{TH}$** Parkway**                          *
**Temple Hills, Maryland 20748**                  *
                                                         *
        **Plaintiff,**                                *
                                                         *
        **vs.**                                        *
                                                         *
**STATE OF MARYLAND**                            *
                                                         *
**Serve: Office of the State Treasurer**          *
**Louis L. Goldstein Treasury Building**          *
**80 Calvert Street**                                *
**Annapolis, MD 21401**                            *                    **Docket No.  8:20-cv-966**
                                                         *
**and**                                                 *
                                                         *
**CALVERT COUNTY**                               *
                                                         *
**Serve: County Attorney**                          *
**175 Main Street**                                   *
**Prince Frederick,  MD 20678**                    *
                                                         *
**and**                                                 *
                                                         *
**Mike Evans, Sheriff for Calvert County**
**30 Church St.**
**Prince Frederick, MD 20678**

**Calvert County Sheriff's Deputy**
**J. Harms ID 3512,**
**Officer Gains**
**Deputy Buck**
**Deputy Kelly 5782**
**Deputy Wilson**
**Sgt. Borchesky**
**Detective Wells**
**Captain Ireland**
**and other known and or**
**unknown police officers or**                    *
**sheriff's deputies**                               *
**30 Church St.**
**Prince Frederick, MD 20678**

```
                                                   *
                                                   *
and                                                *
                                                   *
Former State's Attorney Laura Martin               *
Assistant State's Attorney Lisa Ridge              *
Office of the State's Attorney                     *
175 Main St, Prince Frederick, MD 20678            *
                                                   *
        Defendants                                 *
```
_____

## COMPLAINT

COMES NOW the Plaintiff, Gregorik Collington, by and through his attorney, and sues

the Defendants, State of Maryland, Calvert County, Calvert County Sheriff Mike Evans,  Calvert

County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782,

Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and

unknown Officers of the Calvert County Sheriff's Department, Former State's Attorney Laura

Martin and Assistant State's Attorney Lisa Ridge,  and avers and alleges the following:

## PARTIES

1.      Plaintiff Gregorik Collington is an African American Black male (BM) who was a

resident of Prince George's County Maryland in April of 2017, and who is currently a resident of

Prince George's County Maryland.   As explained below, Mr. Collington has been injured and

risks further harm as a result of the Defendants' illegal acts and omissions. At all times relevant

hereto, Defendant, State of Maryland, is and was a municipality doing business and authorized to

do business under their own respective laws.

2.      At all times relevant hereto, Defendant Calvert County, is and was a municipality

organized under the Constitution of the State of Maryland and various acts of the General

Assembly to sue and be sued in its own right, with its principal offices in Prince Frederick, Calvert County Maryland.

3.       At all times relevant hereto, Defendant Calvert County Sheriff's Department is and was a government agency and agent of the county.  The Sheriff's Department is responsible for establishing the duties, conduct and discipline of officers and other employees, and establishing policies regarding screening, hiring, training, monitoring, and supervision of all subordinates.  The Sheriff's Department acts at all relevant times under the color of state law.

4.       Sheriff Mike Evans is the elected Sheriff of Calvert County.

5.       Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland are employed by Calvert Police Department.  At all relevant times, they were acting under color of state law.  They are sued in both their personal and official capacity.

6.       The Office of the State's Attorney for Calvert County is and was a government agency.  The Office of the States Attorney is responsible for establishing the duties, conduct and discipline of Assistant State's Attorneys and other employees, and establishing policies regarding screening, hiring, training, monitoring, and supervision of all subordinates.  The Office of the State's Attorney acts at all relevant times under the color of state law.

7.       Assistant State's Attorney Lisa Ridge is employed by the Office of the State's Attorney for Prince George's County.  At all relevant times, she was acting under color of state law.  She is sued in both her personal and official capacity.

8.       Former State's Attorney Laura Martin was employed by the Office of the State's Attorney for Calvert County.  At all relevant times, she was acting under color of state law.  She is sued in her official capacity.

**JURISDICTION AND VENUE**

9.      Jurisdiction is proper in this court as this is an action for violation of the Plaintiff's civil and constitutional rights by the defendants under 42 U.S.C. Section 1983 as well as other torts.

10.     Due to the federal questions involved in the consideration of the Plaintiff's claims under the above-stated laws, this Court has jurisdiction under 29 U.S.C. §1331.

11.     Venue is appropriate to this Court because all parties reside and or are located in the state of Maryland.   Additionally, the tortious acts and omissions occurred in Maryland and injured Mr. Collington there as well.

**PRE-SUIT ACTIONS**

12.     Mr. Collington has satisfied the prerequisites to suit specified by the Maryland Tort Claims Act, Md. Code Ann., State Gov't §12-106, for each respective claim in this Complaint to which these laws apply.

13.     Mr. Collington, through counsel, sent notice of his claims to the Office of the Calvert County Attorney by certified mail, return receipt requested on or about January, 2018.

14.     Mr. Collington, through counsel, sent notice of his claims to the Maryland State Treasurer by certified mail, return receipt requested, on or about January, 2018.

**FACTS**

15.     The averments of fact stated in all preceding paragraphs are adopted herein and made a part hereof as if fully set forth herein.

16.     The Defendants are being sued for Federal and State Constitutional and Civil Rights violations resulting from the pattern of malicious disregard of Mr. Collington's rights as a

result of unlawful arrest, search, and detention, as well as assault, battery, false arrest, false

imprisonment, malicious prosecution and malicious abuse of the criminal process resulting from

the Calvert County Law Enforcement's pattern of harassment against Mr. Collington.  This

pattern includes re-opening and requesting the court to issue a bench warrant on or about January

27, 2017 in his case numbered 04-K-10-000228, wherein he pled guilty in 2011 and served a

prison sentence; an unnecessarily rough stop and arrest on February 19, 2017, purportedly for

"several outstanding warrants for Possession Non Marijuana with intent to distribute and other

possession charges [sic];" an arrest stemming from that incident, purportedly for possession of

cocaine, and then continuing to pursue that case even though the government knew at least by

May 2, 2017 that the purported substance involved did not contain any controlled dangerous

substances; the removal of his case numbered 6O00060962 from the stet docket and the

subsequent request for the issuance of a bench warrant, causing him to have to incur a monetary

bond in order to be released (the case was subsequently placed back on the stet docket);  the

unlawful seizure of at least $2000 and three cell phones on or about April 17, 2017 law

enforcement officials' subsequent claim that only $1260 was seized, even though they never

gave Mr. Collington or anyone else any receipt or anything to document the seizure of the money

and the amount thereof despite requests; illegal detention which amounted to an unlawful arrest

when Calvert County Sheriff's Deputies, including Officer Harms and other unknown officers

seized Mr. Collington's person on or about September 12, 2017.  In conjunction with the

September 12 2017 incident, Calvert County Sheriff's Deputies subsequently made contradictory

statements about the reason for their arrest of Mr. Collington.  At times, they stated that they had

articulable suspicion and did not need probable cause, even though they never provided the

articulable suspicion nor explained the subject matter of the articulable suspicion.  At other times

they stated that they had a credible "death threat" against Mr. Collington, but never stated the basis or circumstances of the threat, nor provided information as to its source. At other times they stated that they had no information as to any "death threat" against Mr. Collington and did not know why any other Deputy would state that one existed. At other times they stated that they would not provide information or protection about the "death threat" unless Mr. Collington came in to give them information, but declined to accept a request for an appointment to do so.  At other times they came to the homes of Mr. Collington's friends and family in an attempt to speak with him despite the fact that both Mr. Collington and I had expressly asked that they refrain from questioning him without his attorney present.   Plaintiff also makes claim against the Calvert County Attorney's Office, Calvert County Attorney John B. Norris III, the Calvert County State's Attorney's Office, State's Attorney Laura Martin, Assistant State's Attorney Lisa Ridge, and other unknown Assistant State's Attorneys and or Assistant County Attorneys who were involved in these decisions, including the decision to retain  Plaintiff's money and property on the false proposition that they were holding the property as evidence of a crime, when they knew that no drugs had been seized from him  on the date and time in question and when they knew that the money and telephones involved herein were not evidence of any crimes.  Moreover the above Defendants obtained a search warrant for at least one of the telephones seized in this incident even though they knew they did not have probable cause to do so, and did not comply with proper procedure to issue a return to Plaintiff as a result of having unlawfully searched his property.  No narcotics charges have been brought against Mr. Collington  regarding the seizure of these items. 17.      The fact that Calvert County Law Enforcement has gone to such lengths to engage in this pattern of behavior toward Mr. Collington constitutes a clear pattern of harassment and a determination to violate his State and Federal Constitutional and civil rights.  This  is a

6

shocking illustration of their knowledge of the fact that they knew that they never had viable cases against Mr. Collington, and or their malicious, reckless and or negligent disregard thereof.

17.     On or about April 15, 2017, Mr. Collington was detained in Calvert County, MD by Officer J. Harms, ID 3512, of the Calvert County Sheriff's Department. During this detention, Officer Harms and or other officers conducted a warrantless search of Mr. Collington's person and his vehicle, and took approximately $2000 cash from his wallet and three cell phones (valued at $100 each) from his car.

18.     Officer Harms did not place Mr. Collington under arrest, nor charge him with any kind of drug activity. Officer Harms did not give Mr. Collington any kind of receipt, form, or other documentation for the money or the phones. Mr. Collington subsequently went to the Calvert County Sheriff's Department to request the return of his property. While the Sheriff's Department personnel admitted that they were in receipt of property that had been taken from Mr. Collington, they did not return the property upon his request.

19.     On April 27, 2017, through counsel, Mr. Collington requested the return of his money from the defendants. The response from Ms. Martin was that the money and phones were being held as evidence in an ongoing investigation involving drug activity and Mr. Collington. Mr. Collington did not received any response from any other defendant.

20.     No forfeiture action was  initiated against the money and property in question. No narcotics charges regarding this incident were ever brought against Mr. Collington since the seizure of these items. No receipt was ever given to him for the items taken.

21.     Mr. Collington is a tattoo artist and his telephone contained a great deal of information that is valuable to him, not the least of which included his client list and other contact information. The money that was seized in this instance was the proceeds from Mr.

Collington's tattoo business. Additionally, Mr. Collington sustained his tattoo business by means of the contacts, client names and other information that is in those phones. Based on his tattoo business using the money, client contact and other information that was unlawfully seized from him by Officer Harms, Mr. Collington was able to make approximately $3000 per month in his tattoo business, and without access to the money to buy supplies and pay other expenses and without access to the contacts and client information that is in the phones, Mr. Collington was very much hampered in his ability to pursue his business as a result of the seizure herein. The money and telephones in Mr. Collington's possession were not subject to forfeiture, and he was greatly damaged by not having access to his funds and telephones as a result of the actions of the defendants.

22.     After this incident, it became clear to Plaintiff that the Calvert County Law Enforcement, including the State's Attorney's Office under the direction of former State's Attorney Laura Martin, and Assistant State's Attorne Lisa Ridge, and the Calvert County Sheriff's Office, including the named defendants, were engaging  in a systematic pattern of harassment and malicious disregard of Mr. Collington's rights as a result of  unlawful arrest, search, and detention, as well as assault, battery, false arrest, false imprisonment, malicious prosecution and malicious abuse of the criminal process.

23.     This pattern includes re-opening and requesting the court to issue a bench warrant on or about January 27, 2017 in his case numbered 04-K-10-000228, wherein he had previously pled guilty in 2011 and completed  a prison sentence.

24.     The pattern also included an unnecessarily rough stop and arrest on February 19, 2017, purportedly for "several outstanding warrants for Possession Non Marijuana with intent to distribute and other possession charges [sic]."  Mr. Collington was subsequently arrested as a

result of that incident, purportedly for possession of cocaine, and the Sheriff's department and the State's Attorney's Office continued to pursue that case even though the government knew at least by May 2, 2017 that the purported substance involved did not contain any controlled dangerous substances.

25.     The State's Attorney's Office then removed  his case numbered 6O00060962 from the stet docket and the subsequent request for the issuance of a bench warrant, causing him to have to incur a monetary bond in order to be released, even though the case was subsequently placed back on the stet docket.

26.     Calvert County Law enforcement then effected an illegal detention which amounted to an unlawful arrest of Mr. Collington when Calvert County Sheriff's Deputies, including Officer Harms and other unknown officers seized his person on or about September 12, 2017.  In conjunction with the September 12, 2017 incident, Calvert County Sheriff's Deputies subsequently made contradictory statements about the reason for their arrest of Mr. Collington.  At times, they stated that they had articulable suspicion and did not need probable cause, even though they never provided the articulable suspicion nor explained the subject matter of the articulable suspicion.  At other times they stated that they had a credible "death threat" against Mr. Collington, but never stated the basis or circumstances of the threat, nor provided information as to its source. At other times they stated that they had no information as to any "death threat" against Mr. Collington and did not know why any other Deputy would state that one existed. At other times they stated that they would not provide information or protection about the "death threat" unless Mr. Collington came in to give them information, but declined to accept a request for an appointment to do so.  At other times they came to the homes of Mr. Collington's friends and family in an attempt to speak with him despite the fact that both Mr.

Collington and counsel expressly asked that they refrain from questioning him without his attorney present.

27.     Mr. Collington also  avers that the Calvert County Attorney's Office, Calvert County Attorney John B. Norris III, the Calvert County State's Attorney's Office, State's Attorney Laura Martin, Assistant State's Attorney Lisa Ridge, and other unknown Assistant State's Attorneys and or Assistant County Attorneys were involved in these decisions, including the decision to retain his money and property on the false proposition that they were holding the property as evidence of a crime, when they knew that no drugs had been seized from him on the date and time in question and when they knew that the money and telephones involved herein were not evidence of any crimes.  Moreover the above defendants obtained a search warrant for at least one of the telephones seized in this incident even though they knew they did not have probable cause to do so, and did not comply with proper procedure to issue a return to Plaintiff as a result of having unlawfully searched his property.

28.     On or about March 31, 2018, in a Statement of Probable Cause used to obtain an arrest warrant in this matter, Detective Kelly of the Calvert County Sheriff's Department swore to certain facts.  The detective stated that all of his observations and statements were based on his training at the Southern Maryland Criminal Justice Academy in 2013 and his experience as a Deputy Sheriff/ narcotics detective in Calvert County, Maryland.   Based on Detective Kelly's affidavits, on March 29, 2018, the Honorable Judge Wells signed three separate search and seizure warrants for the body of Gregorik Brent Collington (DOB- 05/05/1986), his 2017 Jeep Renegade bearing MD tag 3CW8095, and a residence located at 12558 Santa Rosa Road, Lusby, MD 20657. These search warrants were in reference to a CDS investigation where Gregorik Collington was the target of the investigation.  All of the warrants appear to have been based on

identical affidavits.   On March 30, 2018 at approximately 2337 hours a traffic stop was made on a 2017 Jeep Renegade bearing MD tag 3CW8095 pursuant to a search and seizure warrant for the body of Gregorik Brent Collington and the above-mentioned vehicle. The traffic stop was conducted by DFC Holt at the intersection of Pecos Circle and Catalina Drive in Lusby, Calvert, MD 20657.   The officers conducted a strip search of Mr. Collington's body on a public street, despite the fact that there was no exigency or other reason the search of Mr. Collington's person could not have been done in a private location.   While on the scene where Mr. Collington was being strip searched and during the search of his vehicle,  Calvert County officers on the scene indicated that they were going to plant a gun in his vehicle, pull it out, and pretend that the weapon belonged to Mr. Collington.   This exchange was captured on body camera footage. According to Detective Kelly, the following items were located on Mr. Collington's person:  One clear cellophane wrapper containing approximately 1 gram of marijuana located underneath Mr. Collington's genitals; Loose U.S. currency located in Mr. Collington's left front pants pocket; U.S. currency in different denominations located in Mr. Collington's wallet, which was located in Mr. Collington's back right pants pocket.  US Currency was discovered in Mr. Collington's Jeep Renegade.

29.     Detective Kelly also reported that  while the aforementioned traffic stop and search warrants were being conducted, members of the Calvert County Sheriff's Office executed a search and seizure warrant at a residence located at 12558 Santa Rosa Rd, Lusby, Calvert, MD 20657.  There were at least 4 other people in the residence at the time of the search, and numerous pieces of mail and other items for many people were found in the various rooms throughout the house.  The following items were located in a bedroom with numerous items of mail and other items belonging to various people:  a clear plastic bag containing approximately

6.3 grams of suspected cocaine completely concealed inside an electric air freshener. A black digital scale with suspected cocaine residue on it, completely concealed inside virtual reality goggles located on a TV shelf. Loose U.S. Currency located in a Sony PlayStation box on the floor; Multiple pieces of U.S. mail addressed to "Gregorik Collington" located in various locations in a bedroom.  These items of mail bore a different address that was not the address of the residence that was searched. Numerous items of mail addressed to various other people were also found inside the bedroom and the house. Based on the above, Mr. Collington was indicted and convicted for possession with intent to distribute CDS (cocaine), possession of CDS (cocaine), and possession of CDS paraphernalia (digital scale), however, the Maryland Court of Special Appeals vacated his conviction for violation of the United States Constitution and the Maryland Declaration of Rights.     During the trial, it was revealed that Assistant State's Attorney Lisa Ridge withheld exculpatory evidence from the defense, including but not limited to the existence of pole cameras and footage of the residence where the purported illegal items were discovered.  During the trial, Assistant State's Attorney Ridge also knowingly and intentionally violated the rule on witnesses by warning the officers who were involved in the discussion to plant a gun in Mr. Collington's car that they were about to be questioned about the issue in front of the jury, and detailing to them the extent of the questioning they were about to undergo.

30.     The fact that Calvert County Law Enforcement has gone to such lengths to engage in this pattern of behavior toward Mr. Collington constitutes a clear pattern of harassment and a determination to violate his State and Federal Constitutional and civil rights.  This  is a shocking illustration of their knowledge of the fact that they knew that they never had viable cases against Mr. Collington, and or their malicious, reckless and or negligent disregard thereof.

31.     As evidenced by their treatment of Mr. Collington upon information and belief, the State of Maryland, Calvert County, the Calvert County Sheriff's Department and the Calvert State's Attorney's Office  have and or had under Ms. Ms. Martin a policy and or custom of allowing and encouraging investigations, arrests, indictments and prosecutions that are not based on probable cause, that are based on false and misleading information, and of withholding exculpatory information.  These actions are done routinely, and were done herein to the Plaintiff in this matter, with actual malice, with ill will, improper motivation, and without legal justification or excuse, and as such, are actions that are outside the scope of their official duties and authority.

32.     Assistant State's Attorney Ridge is a senior Attorney in the office and or an attorney with seniority who influences policy and the policy makers in the office.  Detectives Pamer and Bilbrey are officers with seniority who influence policy and the policy makers in the police department.  Ms. Martin was the elected State's Attorney at the time of these events involving Plaintiff, and responsible for the direction and policies of her office as well as  the training and education of the attorneys, police officers and other employees who work in and interact with his office, and also was highly influential with the policy makers in the sheriff's department, the Calvert County Detention Center and any other law enforcement employees and or officials in Calvert County and the State of Maryland.  Consequently, the policymakers in Calvert County and the State of Maryland were aware of these inappropriate  customs or policies and/or failed to correct or terminate the same.

33.     As evidenced by their treatment of Mr. Collington and upon information and belief, the State of Maryland, Calvert County, the Calvert County Sheriff's Department, the

Calvert State's Attorney and the Calvert State's Attorney's Office failed to properly train the police officers and prosecutors involved in this investigation, arrest, indictment and prosecution.

34.     Calvert County Sheriff Mike Evans,  Calvert County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and unknown Officers of the Calvert County Sheriff's Department are agents and or employees of Calvert County.

35.     The then State's Attorney for Calvert County, Laura Martin, Assistant State's Attorney Lisa Ridge and the other unknown prosecutors and personnel of the Calvert County States Attorney's Office involved with the Plaintiff as a result of his arrest and prosecution in this matter are agents and or employees of Calvert County.

36.     Alternatively, former State's Attorney Laura Martin, Assistant State's Attorney Lisa Ridge, Calvert County Sheriff Mike Evans,  Calvert County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and unknown Officers of the Calvert County Sheriff's Department are agents and or employees of the State of Maryland, who is liable for their actions under the theory of Respondeat Superior.

## CLAIMS

## COUNT 1

### (False Arrest – All Defendants)

37.     The allegations and averments of fact contained in the previous paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

38.     Plaintiff asserts this claim against all Defendants.

39.     Defendants State of Maryland, Calvert County, Calvert County Sheriff Mike Evans,  Calvert County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and unknown Officers of the Calvert County Sheriff's Department , Calvert County State's Attorney  and Assistant Calvert County State's Attorney Lisa Ridge individually and/or through their agents, servants and /or employees as well as Defendant Neubauer, did intentionally and unlawfully engage in a pattern of harassment and illegal detention and arrest and removal of property from Plaintiff.

40.     This conduct was done to the Plaintiff with malice.

41.     The conduct complained of deprived Mr. Collington of his individual freedom of movement.

42.     At no time did Mr. Collington consent to the arrest or  his numerous continued unjust detentions suffered at the hands of the defendants.

43.     Mr. Collington's harassment, detention, unjustified arrest and removal of his property lacked any legal justification and was therefore an impermissible restraint of his liberty.

44.     That as a result of the Defendants' tortious acts Mr. Collington suffered damages including emotional trauma, humiliation, distress and bodily injury.

WHEREFORE, the Plaintiff, Gregorik Collington, demands judgment in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## **COUNT 2**

### **(False Imprisonment – All Defendants)**

45.     The allegations and averments of facts contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

46.     The Defendants, individually and /or through their agents, servants and employees did deprive Plaintiff of his personal liberty without consent.

47.     The conduct complained of was done with force, threats of force and other actions and Mr. Collington was conscious of the confinement and harmed by the confinement.

48.     The circumstances of his detention, false arrest, and his treatment while so illegally detained were procured and carried out with malice.

49.     The Plaintiff 's unlawful arrest compelled him to continue to be illegally and unlawfully detained within the Calvert County where he did not want to be.

50.     At no time did Mr. Collington consent to the continued unjust detentions.

51.     Mr. Collington imprisonment lacked any legal justification and was therefore an impermissible restraint of his liberty.

WHEREFORE, the Plaintiff, Gregorik Collington, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## **COUNT 3**

### **(Negligence – All Defendants)**

52.     The allegations and averments of facts contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

53.     The Defendants individually and/or through their agents, servants and/or employees had a duty to use reasonable care not to harm Mr. Collington or to violate his rights.

54.     This duty was breached.  The breaches included, but are not limited to, the following:

a.  Falsely arresting/detaining Mr. Collington;

b.  Improperly investigating the incident in question and refusing to provide him with information and protection at a time when they alleged that his life was in danger due to his status as a witness to a crime;

c.  Improperly accusing Mr. Collington of crimes;

d.  Failure to properly train;

e.  Failure to properly evaluate before promoting or hiring;

f.  Strip Searching Mr. Collington on a Public Street;

g.  Further breaches to be identified through discovery

55.     As a result of the Defendants' conduct as set forth above, Mr. Collington has suffered and will continue to suffer severe mental anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Gregorik Collington, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 4

**(Violations of Maryland Declaration of Rights/State Constitutional Claim)**

56.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

57.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the

Plaintiff by the Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 19, 24 and 26, and arising under the law and statutes of the State of Maryland.

58.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Mr. Collington and deprived him of his then existing and clearly established rights, privileges and immunities secured to him by Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 19, 24 and 26, and arising under the laws and statutes of the State of Maryland.

59.     All defendants acting under color of Law, have subjected Mr. Collington to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process rights, deprivation of his equal protection rights, police misconduct, false imprisonment, improper detention, improper investigation, suppression of evidence, failure to release Mr. Collington upon learning exculpatory information, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Mr. Collington by the Constitution of the State of Maryland.

60.     This conduct consists of unreasonable or excessive force, improper supervision, police misconduct and the other allegations set forth above which was visited upon Mr. Collington by the Defendants, by and through their agents, servants and employees, acting under color of law.  These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any

activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

61.     The acts alleged herein violated clearly established constitution rights of Mr. Collington, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Mr. Collington' rights.

62.     Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Mr. Collington of his rights, privileges and immunities secured to him by the Constitution of the State of Maryland, including but not limited to the following:  Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from unreasonable searches and seizures.  All of these rights are secured to the Plaintiff by the provisions of the Declaration of Rights of the Constitution of the State of Maryland.

63.     Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Mr. Collington.

64.     As a result of the Defendants' conduct as set forth above, Mr. Collington has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Gregorik Collington, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 5

### (Vicarious Liability)

65.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

66.     In addition to their own individual liability described above and at all times pertinent to the subject matter of this case, Defendants Calvert County Sheriff Mike Evans, Calvert County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and unknown Officers of the Calvert County Sheriff's Department  involved with Mr. Collington' arrest and prosecution were also the agents, servants and/or employees of Defendants State of Maryland and or  Calvert County.

67.     In addition to their own individual liability described above and at all times pertinent to the subject matter of this case, Defendant Ridge, the former Calvert County State's Attorney Laura Martin and any other Calvert County State's Attorney's Office prosecutors and other employees involved with Mr. Collington' arrest and prosecution were also the agents, servants and/or employees of Defendants State of Maryland and or  Calvert County.

68.     In addition to their own individual liability described above and at all times pertinent to the subject matter of this case, Defendant Calvert County Sheriff's Department  and its employees involved with Mr. Collington' illegal detention and arrest, search and seizure and prosecution were also the agents, servants and/or employees of Defendants State of Maryland and or  Calvert County.

69.     At all times pertinent herein, Defendants Calvert County Sheriff Mike Evans, Calvert County Sherriff's Deputies J. Harms ID 3512, Officer Gains, Deputy Buck, Deputy

Kelly 5782, Deputy Wilson, Sgt. Borchesky, Detective Wells, Captain Ireland, and other known and unknown Officers of the Calvert County Sheriff's Department  involved with Mr. Collington' arrest were acting in concert with, for and on behalf of, at the insistence, request and instruction of Defendants State of Maryland and or  Calvert County; and were otherwise acting within the scope of their responsibility, authority and employment as agent, servant and/or employee of said Defendants.

70.     At all times pertinent herein, Defendant Ridge, former State's Attorney for Calvert County Laura Martin and any other Calvert County State's Attorney's Office prosecutors and other employees involved with Mr. Collington' arrest and prosecution were acting in concert with, for and on behalf of, at the insistence, request and instruction of Defendants State of Maryland and or Calvert County; and was otherwise acting within the scope of their responsibility, authority and employment as agent, servant and/or employee of said Defendants.

71.     At all times pertinent herein, Defendant Calvert County Sheriff's  Department and its employees  involved with Mr. Collington' arrest and prosecution were acting in concert with, for and on behalf of, at the insistence, request and instruction of Defendants State of Maryland and or  Calvert County; and were otherwise acting within the scope of their responsibility, authority and employment as agent, servant and/or employee of said Defendants.

72.     Defendants are vicariously liable for the acts of the law enforcement officers who were acting in the cause of and within the scope of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and Calvert County at all times pertinent herein.

73.     Defendants are vicariously liable for the acts of the prosecutors and other employees of the State's Attorney's Office who were acting in the cause of and within the scope

of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and or Calvert County at all times pertinent herein.

74.     Defendants are vicariously liable for the acts of the employees of the Sheriff's Department who were acting in the cause of and within the scope of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and or Calvert County at all times pertinent herein.

75.     Defendants State of Maryland and or Calvert County are liable for the acts of the law enforcement officers involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

76.     Defendants State of Maryland and or  Calvert County are liable for the acts of the prosecutors and other employees of the State's Attorney's Office involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

77.     Defendants State of Maryland and or Calvert County are liable for the acts of the employees of the Sheriff's Department  involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

78.     As a result of the Defendants' conduct as set forth above, Gregorik Collington has suffered and will continue to suffer severe mental anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Gregorik Collington, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 6

### (Malicious Prosecution)

79.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

80.     The Defendants, individually and/or through their agents, servants and/or employees commenced several criminal proceedings to be instituted against Mr. Collington. This action was based upon information which their knew or should have known was false. Further, the agents of the defendants came into possession of information which a reasonable person would have realized affected the decision to prosecute.

81.     Alternatively, the Defendants properly instituted the action, but soon thereafter came into possession of information which demonstrated probable cause was lacking, yet the Defendants' agents did not take action to release Mr. Collington from custody and/or have the charges removed.

82.     These actions were done with malice toward Mr. Collington.

83.     The criminal proceedings brought against Mr. Collington were terminated in his favor.

84.     The proceedings against Mr. Collington were instituted without probable cause for the reasons set forth above.  The lack of probable cause at the time of the initial detention and further lack of probable cause after information was obtained demonstrating Mr. Collington was not guilty of any of the crimes alleged and the fact that the prosecution chose to terminate

prosecution rather than reveal the exculpatory information as required by law are evidence that the claim was instituted and/or continued with malice and/or with a purpose other than bringing Mr. Collington to justice.

## COUNT 7

### (Violations of Federal Law - Constitutional Claim)

85.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

86.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the Plaintiff by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

87.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Mr. Collington and deprived him of his then existing and clearly established rights, privileges and immunities secured to him by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

88.     All defendants acting under color of Law, have subjected Mr. Collington to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process rights, deprivation of his equal protection rights, police misconduct, false imprisonment, improper detention, improper investigation, suppression of evidence, failure to release and or end the prosecution of Mr. Collington upon learning exculpatory information, publicly strip searching Mr. Collington, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further

information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Mr. Collington by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

89.     This conduct consists of unreasonable or excessive force, improper supervision, police and prosecutorial misconduct and the other allegations set forth above which was visited upon Mr. Collington by the Defendants, by and through their agents, servants and employees, acting under color of law.  These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

90.     The acts alleged herein violated clearly established constitution rights of Mr. Collington, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Mr. Collington' rights.

91.     Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Mr. Collington of his rights, privileges and immunities secured to him by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States; including but not limited to the following:  Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from unreasonable searches and seizures.  All of these rights are secured to the

Plaintiff by the provisions of the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments, and arising under the law and statutes of the United States.

92.     Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Mr. Collington.

93.     As a result of the Defendants' conduct as set forth above, Mr. Collington has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

<u>**COUNT 7**</u>

**(Violations of Federal Law -  42 U.S. Code § 1983 )**

94.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

95.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the Plaintiff by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States, including but not limited to 42 U.S. Code § 1983.

96.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Mr. Collington and deprived him of his then existing and clearly established rights, privileges and immunities secured to him by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983.

97.     All defendants acting under color of Law, have subjected Mr. Collington to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process rights, deprivation of his equal protection rights, police misconduct, false imprisonment, improper detention, improper investigation, suppression of evidence, failure to release Mr. Collington upon learning exculpatory information, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Mr. Collington by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983.

98.     This conduct consists of unreasonable or excessive force, improper supervision, police and prosecutorial misconduct and the other allegations set forth above which was visited upon Mr. Collington by the Defendants, by and through their agents, servants and employees, acting under color of law.  These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

99.     The acts alleged herein violated clearly established constitution rights and federal statutory rights of Mr. Collington, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Mr. Collington' rights.

100.     Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Mr. Collington of her

rights, privileges and immunities secured to her by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983; including but not limited to the following:  Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from unreasonable searches and seizures.  All of these rights are secured to the Plaintiff by the provisions of the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments, and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983.

101.    Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Mr. Collington.

102.    As a result of the Defendants' conduct as set forth above, Mr. Collington has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

103.    These violations were carried out with malice and/or reckless indifference to Plaintiff's rights.  Accordingly, Plaintiff puts Defendants on notice that he requests punitive damages against all Defendants  as echoed in the Wherefore Claim herein.

## **COUNT 8**

**(Violations of Federal Law -  Discrimination based on Race in violation of the Equal Protection Clause of the United States Constitution)**

104.    The allegations contained in the preceding paragraphs are hereby incorporated by

reference as though stated in full herein.

105.    Defendants discriminated against Plaintiff by means of the actions described

above based on his race as an African American Black  man , and subjected him to

disparate, negative, injurious and harassing treatment. Citizens who were not Black

African Americans were not treated this way.

106.    Defendants discriminated against Plaintiff by means of the actions described

above based on his race as an African American Black man, and subjected him to

disparate, negative, injurious and harassing treatment. Arrestees who were not Black

African Americans or African American men were not treated this way.

107.    Defendants discriminated against Plaintiff by means of the actions described

above based on his race as an African American Black man, and subjected him to

disparate, negative, injurious and harassing treatment.  People who were prosecuted in

Calvert County who were not African American Black men were not treated this way.

108.    As a direct result and proximate cause of Defendant's wrongful actions,

omissions, and injurious conduct, Plaintiff has suffered loss of earnings, earning capacity,

and has suffered personal injury, damages, stress, depression, insomnia, anxiety and

related ailments, mental anguish, physical and emotional distress, humiliation and

embarrassment, and loss of professional reputation and continues to do so.

109.    These violations were carried out with malice and/or reckless indifference to

Plaintiff's rights.  Accordingly, Plaintiff puts Defendants on notice that he requests

punitive damages against Defendants as echoed in the Wherefore Claim herein.

**COUNT 9**

29

**(Violations of Federal Law -  Discrimination based on Sex in violation of the**

**Equal Protection Clause of the United States Constitution)**

110.    The allegations contained in the previous paragraphs are hereby incorporated by reference as though stated in full herein.

111.    Defendants discriminated against Plaintiff by means of the actions described above based on his sex as an African American Black man, and subjected him to disparate, negative, injurious and harassing treatment. Citizens  who were not African American Black men were not treated this way.

112.    Defendants discriminated against Plaintiff by means of the actions described above based on his sex as an African American Black  man, and subjected him to disparate, negative, injurious and harassing treatment.  Arrestees who were not African American Black men were not treated this way.

113.    Defendants discriminated against Plaintiff by means of the actions described above based on his sex as an African American Black man, and subjected him to disparate, negative, injurious and harassing treatment.  People who were prosecuted in Calvert County who were not African American Black men were not treated this way.

114.    As a result of this discriminatory treatment, Plaintiff has suffered loss of earnings, earning capacity, and has suffered personal injury, damages, stress, depression, insomnia, anxiety and related ailments, mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation and continues to do so.

115.    These violations were carried out with malice and/or reckless indifference to Plaintiff's rights.  Accordingly, Plaintiff puts Defendants on notice that he requests punitive damages against Defendants as echoed in the Wherefore Claim herein.

**Relief**

**WHEREFORE,** the Plaintiff demands judgment against the Defendants jointly and severally as follows:

1.  Compensatory Damages  that exceed Seventy Five Thousand Dollars and 00/100 ($75,000),

2.  Punitive Damages

3.  Costs and Interest

4.  Attorney's Fees, expenses and costs

5.  Such other relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby makes a demand for trial by jury in this matter.

<div style="margin-left:40%">

Respectfully Submitted,

__/s/_____
Wanda J. Dixon, Esq.
Attorney for Plaintiff Collington
The Dixon Law Firm, LLC
1401 Mercantile Lane, Suite 381
Largo, MD   20774
MD District Court Bar number 18386
wdixon@thedixonlawfirm.law
301-456-5156

</div>