IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| GREGORIK COLLINGTON, | * |  |
| Plaintiff, | * |  |
| v. | * | Case No.: GJH-20-00966 |
| CALVERT COUNTY, *et al.*, | * |  |
| Defendants. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gregorik Collington brings this civil action against Calvert County, Sheriff Mike Evans, Deputy Harms, Deputy Holt, Deputy Buck, Deputy Kelly, Deputy Wilson, Sergeant Borchesky, Detective Wells, Captain Todd Ireland, Deputy Morgan, and other known and/or unknown police officers or sheriff's deputies ("John Doe officer and deputy defendants"), alleging several state tort claims (Counts 1, 2, 3, 4, 6 and 7), a state constitutional claim (Count 5), and several federal constitutional claims under 42 U.S.C. § 1983 (Counts 8, 9, and 10).[1] ECF No. 44-2. Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 44. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's motion is denied.

---

[1] Counts 6, 7, and 10, vicarious liability, malicious prosecution, and discrimination based on race were previously dismissed, and because the Court's prior reasoning in its Memorandum Opinion, ECF 26, still applies, they will remain dismissed, and the Court will not discuss them in its opinion. Counts 8, and 9, as discussed in the Court's prior Memorandum Opinion, were originally both labeled Count 7, and they include substantially similar allegations and as such the Court will follow its prior Opinion and treat them as one and herein only discuss Count 8.

I.  **BACKGROUND**[2]

A. **Factual Background**

The background facts of this case were laid out in the Court's previous Memorandum Opinion, ECF No. 26. Those facts, as updated in Plaintiff's Second Amended Complaint, are reiterated here. Plaintiff is an African American male and a resident of Prince George's County, Maryland. ECF No. 44-2 ¶ 1.  According to Plaintiff, he has been "injured and risks further harm as a result of the Defendants' illegal acts and omissions." *Id.* These illegal acts and omissions allegedly form a pattern of harassment against Plaintiff and include: "unlawful arrest, search, and detention, as well as assault, battery, false arrest, false imprisonment, malicious prosecution and malicious abuse of the criminal process[.]" *Id.* ¶ 14. Specifically, Plaintiff describes the following events:

- On January 27, 2017, Defendants re-opened and requested the court to issue a bench warrant in Plaintiff's case, numbered 04-K-10-000228. *Id.* Plaintiff had pleaded guilty in 2011 and served a prison sentence in relation to that case. *Id.*

- On February 19, 2017, Defendants subjected Plaintiff to an "unnecessarily rough stop and arrest[,]" purportedly because of several outstanding warrants related to possession charges. *Id.* ¶¶ 14, 23.

- Defendants arrested Plaintiff as a result of the February 19, 2017, stop for possession of cocaine, "even though the government knew at least by May 2, 2017 that the purported substance involved did not contain any controlled dangerous substances." *Id.* ¶¶ 14, 23.

- The State's Attorney's Office removed Plaintiff's case, numbered 6O00060962, from the stet docket and requested the issuance of a bench warrant. *Id.* ¶¶ 14, 24.

- On April 17, 2017, Defendant Harms detained Plaintiff and, along with other John Doe officer and deputy defendants, unlawfully seized at least $2000 and three cell phones during a warrantless search. *Id.* ¶¶ 14, 16. However, Defendants later claimed that only $1260 was seized, even though Defendants never gave Plaintiff or anyone else any receipt or other documentation for the seizure. *Id.* ¶¶ 14, 17. Personnel of the Calvert

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's Second Amended Complaint, ECF No. 44-2, and are presumed to be true.

2

County Sheriff's Department admitted that they had the property but did not return the property at Plaintiff's request. *Id.* ¶ 17.

- Calvert County attorneys and state attorneys, including State Defendants, retained Plaintiff's property seized on April 17, 2017 under the false pretense of the property being evidence of a crime, obtained a warrant without probable cause for at least one of the telephones seized, and did not follow proper procedure in returning the property to Plaintiff. *Id.* ¶¶ 14, 18. Specifically, on April 27, 2017, Defendant Martin told Plaintiff that the money and phones were being held as evidence in an ongoing investigation involving drug activity. *Id.* ¶ 18.

- On September 12, 2017, Defendant Harms and other John Doe officer and deputy defendants illegally detained Plaintiff's person and stated that they don't need probable cause, only articulable suspicion, or that there was a credible death threat against Plaintiff. *Id.* ¶¶ 14, 25, 31a.

- In conjunction with the September 12, 2017, arrest, Defendants came to the homes of Plaintiff's friends and family to speak with Plaintiff despite Plaintiff and Plaintiff's counsel asking Defendants not to question Plaintiff without his attorney present. *Id.* ¶¶ 14, 25.

- Either during or subsequent to the September 12, 2017, incident, Sergeant Borchesky stated that he was in receipt of a death threat against Plaintiff in connection with a homicide case, but he refused to provide any details about the threat or the homicide case. *Id.* ¶ 26.

- On September 13, 2017, Detective Buck stated that there were people who wanted to kill Plaintiff, but Detective Buck refused to provide any names and stated that he had no information as to a plan to address the death threat, and that the lead detective, Detective Wells, was likely too busy or too overwhelmed to provide specifics. *Id.* ¶ 27. Detective Wells stated that he had no information about a death threat against Plaintiff, that he was not investigating or pursuing any criminal investigation against Plaintiff and does not know why Plaintiff was arrested. *Id.* ¶ 28.

- On or about September 13, 2017, Plaintiff attempted to contact Sheriff Evans to clarify the discrepancies about the death threats, and got no response. Plaintiff also heard from Captain Ireland who stated there was no documented threat but "hearsay on the street is that it is believed that [Plaintiff] set up a series of events… that culminated in a homicide[.]" Captain Ireland refused to give any information about the people who were going to seek retaliation and refused to give information about the homicide. *Id.* ¶¶ 30, 31e. Neither Captain Ireland, nor Sheriff Evans spoke to the discrepancy regarding the September 2017 illegal detention or the information about the death threat. *Id.* ¶¶ 31h, 31j.

- On or about March 31, 2018, Defendant Kelly swore certain facts in a Statement of Probable Cause. *Id.* ¶ 34. On March 29, 2018, Judge Wells signed three separate search

3

and seizure warrants based on Defendant Kelly's affidavits, including warrants for the search and seizure of Plaintiff's body, Plaintiff's Jeep, and a residence located at 12558 Santa Rosa Road, Lusby, Maryland. *Id.* These search warrants were issued in reference to a controlled dangerous substance ("CDS") investigation where Plaintiff was the target. *Id.*

- On March 30, 2018, Defendants made a traffic stop on Plaintiff's Jeep pursuant to the search and seizure warrants described above. *Id.* This stop was "conducted by DFC Holt[.]" *Id.* During the traffic stop, Detective Kelly, "assisted by officers Holt, Wilson, and Morgan," conducted a strip search of Plaintiff's body on a public street, despite the absence of a reason why this search could not have been conducted in private. *Id.* "[A]mong other acts on the scene, [Kelly, Holt, Wilson, and Morgan,] detained and filmed [Plaintiff] while the strip search occurred." *Id.* Also during the traffic stop, officer Wilson indicated he was going to plant a gun in Plaintiff's vehicle. *Id.* One gram of marijuana was found during the strip search of Plaintiff. *Id.*

- Also, on March 30, 2018, members of the Calvert County Sheriff's Office executed a search of the residence located at 12558 Santa Rosa Road, Lusby, Maryland. *Id.* ¶ 35. During the search, the officers found 6.3 grams of suspected cocaine, a black digital scale with suspected cocaine residue, loose currency, and multiple pieces of mail addressed to Plaintiff at a different address. *Id.*

- Based on evidence from the March 30, 2018 searches, Plaintiff was indicted and convicted for possession with intent to distribute CDS, possession of CDS, and possession of CDS paraphernalia. *Id.* The Maryland Court of Special Appeals, however, vacated this conviction. *Id.*

Plaintiff alleges that these events demonstrate that the State of Maryland, Calvert County, the Calvert County's Sheriff's Department, and the Calvert State's Attorney's Office "have and or had . . . a policy and or custom of allowing and encouraging investigations, arrests, indictments and prosecutions that are not based on probable cause, that are based on false and misleading information, and of withholding exculpatory information." *Id.* ¶ 37.

**B. Procedural Background**

Plaintiff initiated this lawsuit on April 14, 2020, ECF No. 1, and filed his First Amended Complaint on July 15, 2020, ECF No. 6. On July 26, 2021, the Court granted by concession, Defendants' State of Maryland, State's Attorney Laura Martin, and Assistant State's Attorney Lisa Ridge's Motion to Dismiss. ECF No. 27. The Court also dismissed Plaintiff's claims against

Officer Gains; and granted in part and denied in part the Law Enforcement Defendants[3] Motion to Dismiss, leaving only: (1) the § 1983 Fourth Amendment claim (Count 8)[4] against Defendant Harms and John Doe officer and deputy defendants based on the September 2017 detention; (2) the § 1983 Fourth Amendment claim (Count 8) against John Doe officer and deputy defendants based on the March 2018 strip search; (3) the false arrest and false imprisonment claims (Count 1 and 2) against Defendant Harms and John Doe officer and deputy defendants based on the September 2017 detention; (4) the negligence claim (Count 3) against Defendant Harms and John Doe officer and deputy defendants based on the September 2017 detention; (5) the negligence claim (Count 3) against John Doe officer and deputy defendants based on the March 2018 strip search; and (6) the Article 26 Declaration of Rights claim (Count 5) against Defendant Harms and John Doe officer and deputy defendants based on the September 2017 detention. ECF No. 26 at 37.

On April 29, 2022, the Court directed Plaintiff to file a Motion for Leave to file a Second Amended Complaint and tolled all deadlines pending resolution of the Motion. On May 13, 2022, Plaintiff filed his Motion for Leave to File his Second Amended Complaint. The Amended Complaint adds a claim of gross negligence against all defendants, adds two new defendants, and alleges additional facts. ECF No. 44 at 1.[5] Defendants filed their Response in Opposition on May 16, 2022. The Court will now turn to the merits of the Motion.

---

[3] The Law Enforcement Defendants as defined in the Courts order are: Calvert County, Sheriff Mike Evans, Deputy Harms, Deputy Buck, Deputy Kelly, Deputy Wilson, Sergeant Borchesky, Detective Wells, and Captain Ireland.
[4] The Count numbers referenced herein are updated to match Plaintiff's Second Amended Complaint.
[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). Of relevance here, an amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

An amendment is also futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE*

*Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

## III.    DISCUSSION

Defendants argue that Plaintiff's proposed second amended complaint would be futile because the addition of the two new Defendants would not survive a motion to dismiss based on the expiration of the statute of limitations and Plaintiff cannot reinstate claims against dismissed parties. The Court addresses each argument in turn.

### A.   New Defendants Holt and Morgan

The Defendants argue that the addition of two new parties, Deputies Holt and Morgan, would not survive a motion to dismiss because the statute of limitations has expired. ECF No. 45 at 3. Normally, the statute of limitations is an affirmative defense that may not be alleged in a motion to dismiss, however; "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear on the face of the complaint." *Id.* Plaintiff's complaint has both state and federal claims. Since there is "no federal statute of limitations for § 1983 claims, the state limitations period which governs personal injury actions is applied." *Wilkins v. Montgomery*, 751 F.3d 214, 223 (4th Cir. 2014). Maryland requires that a personal injury action at law be filed within three years from the date of occurrence. Md. Code Ann., Cts. & Jud. Proc. § 5-101.

Plaintiff alleges two incidents for which he is seeking relief that occurred on September 12, 2017, and March 30, 2018.[6] ECF No. 44-2 ¶¶ 14, 34. Plaintiff filed his Motion for Leave to

---

[6] Plaintiff also alleges conduct that occurred in January, February, and April of 2017, however the Court has previously dismissed all claims as it pertains to these events (ECF No. 26), and will not discuss those events.

file his Second Amended Complaint in May 2022. Therefore, the three-year statute of limitations for his claims has expired, and Plaintiff will only be permitted to add the two new Defendants if his amended complaint relates back to the date of the original filing. *Wilkins*, 751 F.3d at 223 ("unless the amended complaint relates back to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal.").

Defendants argue that Plaintiff's second amended complaint does not meet Rule 15(c)'s relation back provision because Plaintiff cannot show that the two new Defendants had notice and Plaintiff's use of "John Doe" does not constitute a mistake. ECF No. 45 at 4. The Court agrees.

Federal Rule of Civil Procedure 15(c) provides that an amended complaint relates back to the date of the original pleading for statute of limitation purposes when:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant but for a mistake concerning the identity of the proper party.

*Goodman v. PraxAir, Inc.*, 494 F.3d at 467 (citing Fed. R. Civ. P. 15(c)(2), (3)). Here, Plaintiffs originally identified Defendants Holt and Morgan as John Doe Defendants. Naming "John Doe" as a defendant, and then later substituting a named defendant once discovered, does not constitute a mistake. *See Vaughan v. Foltz*, No. 2:16-CV-61-FL, 2019 WL 1265055, at *9 (E.D.N.C. Mar. 19, 2019), *aff'd*, 825 F. App'x 131 (4th Cir. 2020) ("It is well-settled in this circuit that plaintiff should not be permitted to amend her complaint to remove the John Doe defendants and substitute real parties, because their lack of knowledge of the proper defendants is not considered a 'mistake' under Rule 15(c)(3)."). Holt and Morgan would be new parties entirely. *See also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)

("[Plaintiff's] amended complaint ... did not correct a mistake in the original complaint but instead supplied information [he] lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met.") (emphasis added), *modified*, 74 F.3d 1366 (2d Cir. 1996); *Shakeri v. Prince George's Cnty.*, No. GJH-21-00549, 2022 WL 103095, at *4 (D. Md. Jan. 10, 2022) (use of "John Doe" does not constitute a mistake). Thus, naming "John Doe" as a defendant does not constitute a mistake and can not relate back to the date of the original Complaint. The Court will thus deny Plaintiff's motion to amend to add these new defendants.

### B. Reinstatement of Claims Against Previously Dismissed Parties

Defendants state that the Court's prior dismissal of various parties was with prejudice because it did not state in its Memorandum Opinion, ECF 26, or in its Order, ECF 27, that its "dismissal of various parties was without prejudice[,]" and as such, Plaintiff cannot now reinstate "claims against these dismissed parties." ECF No. 45 at 3. "Unless otherwise specified a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). *See also Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). The Court's Order, ECF No. 27, preserved those claims that Plaintiff asserted against Deputy Harms and certain "John Doe" or unknown deputy defendants. For the reasons stated above, the claims against previously unknown defendants are no longer viable and the Court will not permit Plaintiff to re-allege dismissed claims at this stage in the litigation. Thus, the case will proceed on the remaining claims against Deputy Harms identified in the Court's previous Order, ECF No. 27.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied. A separate Order follows.

Date: <u>January 31, 2023</u>                              __/s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge